UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL O'NEILL, | No. 2:17-cv-2094 AC P |
| Petitioner, | |
| v. | ORDER |
| THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a lengthy petition (ECF No. 2) which, for the reasons identified below, fails to state cognizable federal claims.[1] Petitioner will be afforded an opportunity to show cause as to why this petition should not be recommended for dismissal on that basis. He has also filed an application to proceed in forma pauperis which makes the required showing and will be granted. ECF No. 2.

**I.    Legal Standards**

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be

---

[1] The court notes that petitioner has two other habeas petitions pending in this district. See O'Neill v. California Department of Corrections et al, 2:17-cv-01669-KJN; O'Neill v. The State of California, 2:17-cv-02104-KJN. These petitions appear to concern the same underlying conviction as the instant petition, but neither has been screened at the time of this order.

1

granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

## II. Background

Petitioner was convicted of driving under the influence with prior offenses on January 21, 2014 in the El Dorado County Superior Court. ECF No. 1 at 1. He accepted a plea agreement, pled guilty, and was given a five year prison sentence. Id. He now raises the following claims: (1) that he was threatened with an eight year sentence if he did not accept the plea agreement; (2) his trial attorney refused to file a "writ of habeas mandate" when the trial court denied petitioner's motion to dismiss; and (3) his direct appeal challenged only the application of pre-sentence credits; it failed to challenge his underlying conviction. Id. at 4-5.

## III. Analysis

### A. Threat of an Eight Year Sentence

A petitioner's rights are not violated where prosecutors threaten him with a longer sentence in order to persuade him to accept a plea deal. The Ninth Circuit has noted that "[p]rosecutors often threaten increased charges and, if a guilty plea is not forthcoming, make good on that threat . . . [s]uch prosecutorial actions as part of plea negotiations do not violate due process." United States v. Gastelum-Almeida, 298 F.3d 1167, 1172 (9th Cir. 2002).

### B. Trial Counsel's Failure to File a Writ of Habeas

It is unclear what petitioner means by a "writ of habeas mandate." To the extent he is arguing that his trial counsel should have filed a writ of mandate challenging a denial of a motion to dismiss that occurred prior to his guilty plea, that claim is barred. In Tollett v. Henderson, the Supreme Court held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973).

To the extent petitioner is challenging trial counsel's failure to file a petition for habeas corpus after he was convicted, that claim is non-cognizable. The federal statute providing for

habeas review of state convictions prohibits claims based on the ineffectiveness of counsel during "State collateral post-conviction proceedings." 28 U.S.C. § 2254(i) (stating that "[t]he ineffectiveness or incompetence of counsel during Federal or State post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

### C. Failure to Challenge Underlying Conviction on Direct Appeal

Petitioner claims that he was denied his right of appeal insofar as his direct appeal challenged only the application of pre-sentence credits and not the underlying conviction itself. The court will construe this as an ineffectiveness claim against his appellate counsel. As noted above, petitioner entered a guilty plea. Thus, it is unclear what basis his appellate counsel could have had to challenge the validity of his conviction. See Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance."). Petitioner may better explain the basis for this claim in his response to this order.

### IV. Conclusion

Rather than recommending that this petition be dismissed immediately, the court will afford petitioner an opportunity to show cause, in writing, why his petition should not be dismissed for the reasons identified above.

It is HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted; and

2. Petitioner has thirty days from the date of this order's entry to show cause, in writing, why his petition should not be dismissed for failure to state a cognizable claim.

DATED: October 17, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE